CIRCUIT COURT FOR WASHINGTON COUNTY, MAY TERM, 1871.

JOHN CHIPMAN *v.* WINSTON BRONSON.

NOTICE OF APPEAL.—Where the notice of appeal specified a judgment for $57.75, and the transcript disclosed a judgment for $52.50, the appeal was dismissed.

THE notice of appeal described the judgment in the words, "from a judgment rendered in your favor against me on the 20th day of March, 1871, by R. B. Willmot, justice of the peace, * * * for $57.75 and costs."

The transcript disclosed a judgment for $52.50.

*Hyer Jackson,* for the respondent, moved to dismiss the appeal for insufficiency of the notice.

*Hare & Tongue,* for the appellant, claimed that a verdict had been rendered for $57.75, and that either there was a mistake in the transcript, or the justice had inadvertently entered judgment for a wrong amount. The transcript contained no copy of a verdict. Time was allowed for correcting the transcript.

No correction being made, the motion was argued and submitted.

BY THE COURT. UPTON, J. This court acquires jurisdiction through the notice of appeal. It is necessary that the notice should identify the case with reasonable certainty to

bring the cause into this court; and the identification should be such, that when the record is made up, the notice will of itself show that this is the same cause that was pending in the court below. It may not be necessary in all cases to state the amount of the judgment appealed from, but if it is stated it should be stated correctly.

If the justice of the peace had rendered judgment for $57.75 when no more than $52.50 was claimed, this court would be bound to set aside the judgment or direct it to be corrected. The law undoubtedly contemplates as great strictness in this court as in the justices court.

In the case of such an error disclosed by the transcript from a justices court, this court would have jurisdiction and if it could see that no substantial wrong would be done, could correct the error by requiring the excess to be remitted. But in this case, unless the law has been complied with, this court has not acquired jurisdiction. It is not a case of mere error that may be disregarded if no substantial right is prejudiced, or on the assumption that the appellant acted in good faith and that no one has been misled, because the jurisdiction does not depend alone upon what the parties intended to do, but upon what has been done.

I think the misdescription of the judgment is fatal and that the appeal should be dismissed.